IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| AARON J. FRIEDMANN, M.D. and DEVORAH FRIEDMANN,<br><br>    Plaintiffs,<br><br>v.<br><br>WILLIAM CLIFFORD and SAFECO INSURANCE COMPANY OF AMERICA,<br><br>    Defendants. | Case No. 2:08-CV-439-DAK<br><br><br><br><br><br>**REPORT AND RECOMMENDATION** |

    This case was transferred to this court from the District of Eastern Louisiana on June 3, 2008,[1] and was assigned to United States District Judge Dale A. Kimball.  (Docket Entry #1.)  On June 25, 2008, Judge Kimball referred the case to United States Magistrate Judge Samuel Alba pursuant to 28 U.S.C. § 636(b)(1)(B).  (Docket Entry #7.)  The court now recommends that this case be dismissed.

## DISCUSSION

    On July 23, 2008, the court held a status conference. (Docket Entry #9.)  Although counsel for Defendants appeared,

---

[1] The District of Eastern Louisiana transferred the case to Utah because it determined that it lacked personal jurisdiction over Defendants.  (Docket Entry #1, at 1, 7.)

Plaintiffs made no appearance.  Concerned that Plaintiffs had not received adequate notice of the status conference, the court ordered that the matter be reset and that Plaintiffs be informed by mail of the proceedings.

On July 30, 2008, Defendant Safeco Insurance Company of America (hereafter "Safeco") filed a motion to dismiss.  (Docket Entry #11.)  On September 30, 2008, having received no response to Safeco's motion to dismiss, the court went to some effort to determine whether Plaintiffs were represented by counsel and whether Plaintiffs were receiving the court's mailings.  The court spoke with Plaintiff Aaron J. Friedmann, who told the court he was still represented by the same counsel in this matter who had represented him in Louisiana.  The court informed Mr. Friedmann that his counsel had not entered an appearance in the matter and that Defendant Safeco had filed a motion to dismiss on July 30, 2008.  Later that day, Plaintiffs' counsel, Mr. Richard Weil, called the court.  The court informed Mr. Weil that he had not entered an appearance, that Defendant Safeco had filed a motion to dismiss on July 30, 2008, and that the court would be having oral arguments on the motion to dismiss in approximately one month.  The court obtained Mr. Weil's address and sent him a notice of the hearing by mail.  However, the court never received a response to the motion to dismiss, and Mr. Weil never entered an appearance on Plaintiffs' behalf in this court.  In fact, Plaintiffs have not filed any pleadings in this court.

On October 29, 2008, the court held another hearing. Counsel for Defendants again appeared, but Plaintiffs made no appearance. (Docket Entry #16.) As a result, the court recommends that Plaintiffs' case be dismissed for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

In addition, having carefully reviewed Defendant Safeco's motion to dismiss, the court recommends that Plaintiffs' claim for property damage and personal injuries against Defendant Safeco be dismissed with prejudice. This action arises from a car accident that occurred between Plaintiffs and Defendant William Clifford in Park City, Utah. At the time of the accident, Defendant Clifford was insured by Defendant Safeco. However, as pointed out by Defendant Safeco, Utah has not adopted a direct action statute, which is a statute that allows an injured party to bring a direct action against a tortfeasor's insurer; instead, Utah has adopted the general rule that absent a contractual provision, statute, or ordinance to the contrary, "'the absence of privity of contract between the [injured party] and the [tortfeasor's] insurer bars a direct action by the [injured party] against the [insurer]' in automobile insurance cases." *County v. Jensen*, 83 P.3d 405, 408 (Utah Ct. App. 2003) (quoting *Couch on Insurance* 3d. § 104:2 (1997)), *cert. denied*, 90 P.3d 1041 (Utah 2004); *see also Campbell v. Stagg*, 596 P.2d 1037,

1039 (Utah 1979); *State Farm Mut. Ins. Co. v. Holt*, 531 P.2d 495, 495-96 (Utah 1975) (reversing decision that allowed injured party to directly sue alleged tortfeasor's insurer because victim lacked standing to sue insurer).  Thus, because Plaintiffs allege in this case that their injuries were caused by the negligent acts or omissions of Defendant Clifford and not Defendant Safeco, under Utah law Plaintiffs lack the necessary privity with Defendant Safeco to have standing to bring a case against Defendant Safeco directly.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiffs' complaint be **DISMISSED** for failure to prosecute.  **IT IS FURTHER RECOMMENDED** that Plaintiffs' complaint against Defendant Safeco be **DISMISSED WITH PREJUDICE** based on lack of standing.

Copies of the foregoing Report and Recommendation are being mailed to the parties who are hereby notified of their right to object to the same.  The parties are further notified that they must file any objections to the Report and Recommendation, with the clerk of the district court, pursuant to 28 U.S.C. § 636(b),

within ten (10) days after receiving it.  Failure to file objections may constitute a waiver of those objections on subsequent appellate review.

DATED this 5th day of November, 2008.

BY THE COURT:

_____
Samuel Alba
United States Chief Magistrate Judge